## The State *v.* Henry Wilson.

Appeal from a judgment overruling a motion in arrest of judgment after conviction of murder, on the ground that the words "then and there" were omitted in the concluding sentence of the indictment. *Held:* That if such indictment were defective at common law, it is aided by the statute of 1855, which provides that it shall not be necessary to state any venue in the body of an indictment; and that no indictment shall be held insufficient for want of proper or perfect venue.

Under the same statute any formal defect apparent on the face of the indictment must be taken by demurrer or on motion to quash before the jury is sworn; and every court before which objection is taken for such formal defect, may, if necessary, cause the indictment to be forthwith amended, whereupon the trial may proceed as if no such defect had existed.

APPEAL from the District Court, Sixth District, Parish of East Baton Rouge, *Robertson*, J. *Morse*, Attorney General. *Herron*, for appellant.

Spofford, J. *Henry Wilson* was convicted of the murder of *Thomas Lynes.*

STATE
*v.*
WILSON.

The trial took place before the District Court of East Baton Rouge, and the jury found an unqualified verdict.

After a vain attempt to procure a new trial and an arrest of judgment in the court below, the prisoner was sentenced to death, whereupon he took this appeal.

The only point made on his behalf in this court is, that the District Judge erred in not arresting the judgment for a defective allegation of the venue in the indictment.

The assault is charged to have been committed in the parish of East Baton Rouge, in the Sixth Judicial District, on, &c. The words "then and there" are repeated upon the averment of every issuable fact through the indictment—the holding of the knife, the striking and thrusting, the giving of the mortal wound, and the instant death of the victim.

The only objection seems to be that the words "then and there" were not repeated in the closing sentence of the indictment, which embodies the conclusion of law drawn from the facts theretofore stated in detail; "and so the jurors, &c., upon their oath do say, that the said *Henry Wilson* the said *Thomas Lynes*, in manner and form aforesaid, feloniously, wilfully and of his malice aforethought, did kill and murder, contrary to," &c.

Under the strict rules of the common law, it was, in general, unnecessary to aver a mere conclusion of law either with time or place, although, if time and place be averred, they should be averred correctly. I Chit. Cr. L. p. 199.

This indictment is drawn with precision, and after the most approved precedents.

But, if it would be defective at common law, it is aided by the statute of March 14th, 1855, entitled "An act to regulate the mode of procedure in criminal prosecutions," which declares (sec. 16,) that it shall not be necessary to state any venue in the body of any indictment, and (sec. 17) that no indictment for any offence shall be held insufficient for want of a proper or perfect venue.

The same statute (sec. 18) requires that every objection to any indictment for any formal defect apparent on the face thereof shall be taken by demurrer or motion to quash such indictment, before the jury shall be sworn, and not afterwards; and every court before which any such objection shall be taken for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended in such particular, and thereupon the trial shall proceed as if no such defect had appeared. See Acts 1855, p. 171 *et seq.*

This statute seems to have been overlooked by the appellant.

There is no error in the ruling complained of.

The judgment is therefore affirmed, with costs.