## STATE *v.* WARD.

On appeals in criminal cases, the court will take cognizance only of unmixed questions of law.

In criminal cases the parties have not the right to require the Clerk to take down the evidence and certify it to the Supreme Court, and the court will not take notice of the facts thus taken down, although certified both by the Clerk and the Judge of the inferior court.

A list of the jurors, headed "List of Jurors for the third and fourth weeks of the October term of the District Court of the Parish of Caddo," duly served on the prisoner, held to be a sufficient compliance with the law.

A question of fact, of which the appellate court cannot take jurisdiction, is necessarily involved in determining whether the prisoner had used due diligence in procuring the attendance of his witnesses.

It is in the discretion of the District Judge to determine whether or not a case should be postponed or continued on account of the ill health of the prisoner.

An impression entertained by a juror as to the guilt of the accused, is not sufficient to disqualify him.

*Held:* That the court below did not err in refusing to allow the prisoner's counsel to ask a juror whether he had not made up his mind as to what punishment should be inflicted in case the prisoner should be convicted. The question also was properly overruled, whether, if the juror went into the jury-box in his present state of mind, he went there with the belief that the defendant was guilty of murder, as charged in the indictment.

APPEAL from the District Court of the Parish of Caddo, *Creswell,* J. *Stubbs & Williamson,* for the State. *M. A. Jones,* for defendant.

VOORHIES, J. The prisoner being indicted for the crime of murder, was found guilty by the verdict of the jury, and was sentenced to capital punishment by the judgment of the court.

Before expressing any opinion upon the numerous bills of exception which are presented for our consideration, it is proper that notice should be taken of the extent of our jurisdiction in criminal matters. By constitutional provision, it is limited to questions of law ; and, in giving effect to this limitation of our appellate jurisdiction, we have on five different occasions held, that we could take cognizance only of unmixed questions of law ; that these questions should be submitted upon bills of exception taken to the ruling of the inferior courts, or upon assignment of errors, unless the defects are patent on the face of the papers; and finally, that, though certified by the District Judge, or the Clerk, the facts of the case did not fall within our jurisdiction, and we were not justified in giving them our consideration.

It has been remarked by Mr. C. J. Merrick, in the case of the *State* v. *Henderson,* 13 An. 489, (and this ruling meets the unqualified approbation of the court,) that " it is apparent, that inasmuch as the testimony is never taken down by the Clerk in criminal cases, the record cannot be certified, as in civil cases, to contain all the evidence. This was known to the framers of the Constitution when they conferred the appeal, and to the Legislature also when it authorized an appeal in criminal cases, without giving bond. The Articles of the Code of Practice, which gives either party the right to require the Clerk to take down the testimony in civil cases, and to require him to certify the same to the Supreme Court, are not applicable to appeals in criminal cases. See *State* v. *Brunetto,* 13 An., p. 45 ; *State* v. *Bunger,* ante, p. 461.

We will now proceed to dispose of the bills of exception that are in the record, without taking any notice whatever of the facts, which are certified both by the Clerk and the Judge of the District Court.

STATE
v.
WARD

1. The prisoner objected going into the trial of the case, on the ground that he had not had a proper service of the venire, as the law contemplates. His counsel states in his brief, that the list served upon his client " contained thirty-two names, headed ' List of Jurors drawn to serve as petit jurors for the third and fourth weeks of the October term, 1858, of the District Court for the Parish of Caddo."

This we consider to be a sufficient compliance with the law; such a course did not tend in the least to embarrass the accused in his researches for information as to the jurors who were to pass upon him, in order to prepare his challenges. He was informed by the very list served upon him, and besides, he must have known the plain provisions of the law, that the jurors of the third week could not be called to serve during the fourth week; and that those of the fourth week were in a similar situation as to the trial of cases during the third week. He could not plead ignorance of the law, and his own showing establishes his knowledge of these facts. This is not a case analogous to the one quoted in 3 An. 51, State v. Howell.

2. For the purpose of compelling the prisoner to go to trial, notwithstanding his right to a continuance on the ground of the absence of the witness, Martin, the District Attorney " admitted, for the purposes of this trial, that the facts set forth in the affidavit, to be proven by Evan Martin, are true; and if the trial is not gone into at this term of the court, the State reserving the privilege of with-drawing the admission." It appears, by a bill of exceptions taken by the District Attorney to another ruling of the District Judge, that during the trial the witness, Martin, was present, but that the court, upon the opposition of the defendant, refused to the District Attorney the privilege of withdrawing this admission.

The appellant then, appears before this court, in this instance, in an inconsistent position, and, from his own manner of proceeding, has precluded himself from the relief which he claims at our hands. In the first place, he is not satisfied with the admission made by the defendant, and then he will not consent to permit its withdrawal, when he has in court the very witness whose absence was urged as a ground for a continuance. If the admission was not such a one as the law contemplates, and did not reach his expectations, his remedy was reached by eliciting the truth from the witness, who happened to be present during the trial.

3. With regard to the other witness, it is evident that the District Judge was not satisfied that the prisoner had used due diligence to procure his attendance. This question necessarily involves one of fact; we will, therefore, not disturb the ruling of the court below.

4. It is left to the discretion of the District Judge, to determine whether, or not, a case should be postponed or continued, on account of the ill health of the prisoner; this is a matter which he must decide by going into the facts, upon which must be predicated the exercise of this discretionary power.

5. The prisoner contends that John Walters was not a competent juror; but the bill of exception taken to the adverse ruling of the District Judge, does not show affirmatively that he had formed or expressed an opinion as to the guilt or innocence of the prisoner, from the narrative of the witnesses. His impression upon the subject does not amount to such an opinion as will disqualify him to sit as a juror. There must be a deliberate opinion, and not an impression, as to the guilt of the prisoner, in order to disqualify a juror.

6. The following question was propounded to one of the jurors, John Walters:

STATE
v.
WARD.

"In case of conviction of the prisoner, of murder, as charged against him, have you not made up your mind as to what punishment ought to be inflicted upon him?" The prisoner's counsel contests the correctness of the ruling of the District Judge.

The object of examining a juror on his *voir dire*, is to ascertain the state of his mind, in order to determine whether he stands indifferent between the State and the prisoner. He is considered indifferent when he has no bias for or against the prisoner, when he has not formed or expressed an opinion as to the guilt or innocence of the prisoner, after having heard the narrative of the witnesses, and finally, when he entertains no conscientious scruples that will prevent him from carrying the law into effect.

But such is not the case presented by the interrogatory propounded to the juror, *Walters*. A hypothetical statement is made, that the jury brings in a verdict of guilty of murder, and the prisoner then wishes to know whether the juror has made up his mind as to the manner in which he will exercise the discretion vested in the jury to bring in a qualified verdict. It is not even hinted that the juror has any bias against the accused, nor that he has formed or expressed an opinion as to the guilt of the accused, either upon the declarations of witnesses, or upon rumor; nor that the juror has any conscientious scruples as to the penalties denounced by law in such cases. If there existed any bias or prejudice in his mind in the case at bar, it was lawful for the prisoner to interrogate him directly upon the subject; and he could pursue the same course, if the juror entertained on the merits of the case any opinion which operated a disqualification.

It is the duty of the District Judges to direct the proceedings in their courts, so that the ends of justice may be attained; and a great deal of discretion is vested in them for that purpose. Nor can we say that this discretion was not properly exercised by the Judge *a quo* in refusing to allow the prisoner to interrogate the juror as to hypothetical cases. If the juror has not formed an opinion as to the guilt of the prisoner, it is idle to inquire whether he has made up his mind as to the degree of punishment that should be awarded. If, on the contrary, such an opinion has been formed, that would be a more appropriate ground of opposition. *State* v. *Bennett*, ante, p. 651; *State* v. *Melvin*, 11 An. 536.

With regard to the ruling in the case of the *State* v. *George*, 8 R. 538, see our opinion in the case of the *State* v. *Bennett*, ante, p. 651. See also *State* v. *Nolan*, 13 An. 276.

7. The following question was propounded to the jurors *Wm. Flannagan, Sr.*, *Wm. Flannagan, Jr., Wm. Blakey, Andrew Scott*, and *Benjamin Stephens*, to-wit:

"Whether, if they went into the jury-box in their present state of mind, they went there with the belief that the defendant was guilty of murder, as charged in the indictment."

This question was properly overruled, for the reasons given in the foregoing pages.

8. The court below properly rejected the challenge for cause to the juror, *Lafoy*. Although he had conversed with two witnesses, yet he had not formed a deliberate opinion as to the guilt of the prisoner. It appears from the statement of the District Judge, in his reasons for overruling the prisoner, that *Lafoy*, although he had conversed with two witnesses, was not aware of the fact of their being witnesses, and that the slight opinion which he entertained as to the guilt of the accused, was based upon rumor. *State* v. *Bunger*, ante, p. 461.

9. The prisoner's counsel states, that when jurors were sworn on the *voir dire*,

STATE
v.
WARD.

he requested that their testimony be taken down; but that the District Judge refused to accede to his demand. This objection is fully answered by the preliminary remarks in this opinion.

10. We cannot examine the question raised by the accused, on the motion in the court below for a new trial, based upon the ground that one of the jurors who sat in the case had not the legal qualifications. This was an issue to be raised before the juror was sworn and empanelled. *State* v. *Bunger*, ante, p. 461; *State* v. *Nolan*, 13 An. 276.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended, inasmuch as it fixes a day for the execution of the defendant, *E. Ward;* that it be further amended, so that the sentence shall be executed upon a day to be fixed by the Governor; and that the judgment so amended be affirmed.