# FRANKLIN COUNTY.

### COMMONWEALTH *vs.* HENRY WRIGHT.

On a criminal trial at which the defendant was a witness by his own request under the St. of 1866, *c.* 260, he requested a ruling that the presumption was in favor of his veracity like any other witness, but the judge refused so to rule, and instructed the jury that there was no presumption either way as to the truthfulness of a defendant's testimony, and it was to be allowed such weight as in their judgment it ought to have, taking all the circumstances of the case and other evidence into consideration. *Held,* that the defendant had no ground of exception.

INDICTMENT for riotously assembling at Charlemont with divers other persons, to the jurors unknown, to the number of twelve, to break the peace, and, being so assembled, breaking and entering the dwelling-house of Almon Harris and assaulting Laura A. Harris, his wife, and removing her from the house and restraining her of her liberty.

Trial and verdict of guilty in the superior court, before *Lord,* J., who allowed a bill of exceptions of which the following are the material parts: "That the offence had been committed by certain persons was not denied; and it was admitted or proved that those who committed the crime did it while masked. But it was denied that the defendant was present at the time of the commis-

sion of the offence, or had anything to do with it. In his argument to the jury, the district attorney contended that the defendant (who had testified in the case and denied that he was present or had anything to do with committing the offence) would commit perjury and under oath deny all knowledge of the offence, because he had committed the offence under a disguise.

" In connection with this point, and for a general application to the case, the defendant requested the judge to instruct the jury that the presumption is in favor of the truthfulness of defendants in their statements and testimony on the stand, as in the case of other witnesses. But the judge declined to give the instruction as requested, and instructed the jury that there was no presumption either way, as to the truthfulness of defendants' testimony ; that such testimony was to be considered and weighed by them, taking all the circumstances of the case and all the other evidence offered into consideration, and giving such weight to the testimony as in their judgment it ought to have."

*S. T. Field*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

BY THE COURT. The court rightly instructed the jury that there is no presumption either way as to the truthfulness of a defendant's testimony, and that his testimony was to be considered and weighed by them, taking all the circumstances of the case and all the other evidence into consideration, and giving such weight to the testimony as in their judgment it ought to have.

The St. of 1866, *c.* 260, which enables a person on trial for an alleged crime to be a competent witness at his own request, but not otherwise, expresses no such presumption, and, considering his interest in the result of the trial, it is not a presumption arising out of his relation to the case or any other appreciable cause, so as to be properly stated as a rule of law.

*Exceptions overruled.*