[No. 1,042.]

THE STATE OF NEVADA, RESPONDENT, *v.* RALPH JOHNSON AND J. B. O'BRIEN, APPELLANTS.

CRIMINAL LAW—CREDIBILITY OF DEFENDANT'S TESTIMONY—INSTRUCTIONS. The credibility of defendant's testimony in his own behalf, is to be determined in the same manner as that of any other witness. The judge should not state to the jury his estimate of a witness, or give his opinion as to the weight to be attached to his testimony.

IDEM.—The court instructed the jury that "there is in every criminal case a greater or less temptation for a defendant to testify strongly or even falsely in his favor, and I consider that jurors should, in every instance, consider the testimony of a defendant with great caution:" *Held,* erroneous.

REASONABLE DOUBT.—In giving examples as to the term "reasonable doubt," courts should confine their instructions to the well-settled rules of law.

STATEMENT OF CO-DEFENDANT.—The statement of a witness relative to admissions made by the defendant O'Brien in relation to his and Johnson's participation in the robbery was admitted in evidence, with instructions that it could not be considered against the defendant Johnson, but could be considered in determining the defendant O'Brien's guilt or innocence: *Held,* that the jury could not have been misled upon this point.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The instruction as to reasonable doubt, referred to in the opinion, reads as follows: "You are instructed: As an example of what a 'reasonable doubt' is, such an one as entitles a defendant to be acquitted, has been described as such a doubt as controls men in deciding upon the most serious affairs of life. Were a man impressed with the advisability of, and, therefore, was about to take one of the most serious and important steps in life, but yet entertained such a doubt as to the propriety thereof, as to control and prevent his taking such steps, this would be described as a 'reasonable doubt.'"

When the witness Jones testified to the statements made by the defendant Murphy, in which Murphy spoke of Johnson as having been the man who was with him in the robbery, the court charged the witness not to use the name of Johnson, but to speak of him as "the other man." The

court subsequently gave the instruction referred to in the opinion.

*Alexander Wilson,* for Appellant Johnson.

*John T. Baker,* for Appellant O'Brien.

*M. A. Murphy,* Attorney General, for Respondent:

I. The court has a right to single out a particular witness, and to charge the jury as to his credibility. (*People* v. *Cronin,* 34 Cal. 204; *People* v. *Tom Jones,* 2 Wheeler Crim. Cas. 460.)

II. The definition as to "reasonable doubt," given by the court, conforms to the law. (Bishop's Crim. Proc., sec. 1052; Stark. Ev., sec. 865; 1 Greenl., sec. 2; Whart. Homicide, sec. 646; *State* v. *Nash,* 7 Iowa, 385; *State* v. *Ostrander,* 18 Id. 458; *Arnold* v. *The State,* 23 Ind. 170.)

By the Court, HAWLEY, J.:

Appellants were jointly indicted, tried, and convicted of the crime of robbery.

1. Upon the trial the court, of its own motion, instructed the jury as follows: " Under the laws of this state defendants are permitted to testify in their own behalf. The same clause of the statute which gives them the privilege, also provides that you are to be the sole judges of the degree of credit to be given to such testimony, *but under the instructions of the court,* and I therefore say to you that I see no reason why such testimony may not be true, but I, at the same time, fail to see any reason why it *must be true,* or why it should be entitled to more credit than that of other witnesses. There is in every criminal case a greater or less temptation for a defendant to testify strongly or even falsely in his favor, and I consider that jurors should, in every instance, consider the testimony of a defendant with great caution."

The entire framework of this instruction trenches upon the province of the jury. (*State* v. *Tickel,* 13 Nev. 502; *State* v. *Frazer,* 14 Id. 210.) When a defendant, in a criminal

case, offers himself as a witness in his own behalf, it is proper for the court to instruct the jury in relation to his credibility, especially if it has been assailed by counsel or is clouded by the circumstances of the case. His credibility, however, is to be determined in the same manner as that of any other witness. It is the exclusive province of the jury to determine from the evidence in the case, and from the appearance and manner of the witness, what credit, if any, is due to his testimony. In determining this question the jury have the right to consider the circumstances under which the witness gives his testimony, and the inducements and temptations which would ordinarily influence a person in his situation. (*People* v. *Cronin*, 34 Cal. 195; *State* v. *Hymer*, 15 Nev. 49.)

But the instructions should only inform the jurors as to what matters it would be proper for them to consider in determining the credibility of the witness. Beyond this the judge has no right to go. He should not state to the jury his estimate of the witness, or give his opinion as to the weight to be attached to his testimony. He should declare the law. The jury should find the facts.

The latter portion of the instruction is clearly erroneous. It is not true that "there is in every criminal case a greater or less temptation for a defendant to testify * * * falsely in his favor."

If the defendant is guilty there may be a temptation to swear falsely; but whether there is such an inducement or temptation is, always, a question for the jury, and not for the court, to determine. If the defendant is innocent it will generally be to his interest to tell the truth, and there can seldom be any inducement or temptation for him to testify falsely.

For the reasons already stated, it was, also, erroneous and prejudicial to the defendants for the court to say "that jurors should in every instance consider the testimony of a defendant with great caution."

The principles we have announced are sustained by numerous authorities. (*State* v. *Larkin*, 11 Nev. 330; *Greer* v. *State*, 53 Ind. 421; *Pratt* v. *State*, 56 Id. 182; *Veatch* v.

*State*, Id. 584; *Rafferty* v. *People*, 72 Ill. 37; *Roach* v. *People*, 77 Id. 31; *People* v. *Arnold*, 40 Mich. 715; *Moses* v. *State*, 58 Ala. 118; *Hogsett* v. *State*, 40 Miss. 527.)

2. The example referred to in the third instruction of the court introduced an unnecessary, if not false, quantity in the definition of the term "reasonable doubt," and ought not to have been given. It is always safer for the court to confine its instructions to the well-settled rules of law than to indulge in unnecessary illustrations which are often liable to confuse and mislead the jury.

3. The court did not err in admitting the testimony of the witness Jones relative to the admissions made by the defendant O'Brien, *alias* Murphy, in relation to his and Johnson's participation in the robbery. The court expressly charged the jury that the statement of O'Brien, as testified to by the witness Jones, could not be considered against the defendant Johnson, in determining his guilt or innocence, but that it could be considered in determining the defendant O'Brien's guilt or innocence. The court ought to have made this statement when the testimony of Jones was admitted. But it is evident from the instructions given by the court, that the jury were not misled upon this point. (*State* v. *McLane et al.*, 15 Nev. 345.)

The judgment of the district court is reversed and the cause remanded for a new trial.