W. F. MERRIAM and another vs. PETER P. SWENSEN.

January 18, 1890.

Sale—Subsequent Declarations of Seller in Possession.—The rule admitting the declarations of an alleged vendor of goods, continuing in possession and characterizing his possession, applied. The rule is not confined to cases of alleged fraud in a transfer.

Evidence *held* sufficient to sustain a verdict.

Action brought in the district court for Hennepin county, to recover $3,496.72, the alleged value of a stock of groceries, taken from plaintiffs' possession by defendant, as sheriff, under writs of attachment against Letcher & Valentine, the plaintiffs' claim of title rest-

ing on an alleged purchase from Letcher & Valentine prior to the attachment. At the trial, before *Hicks*, J., a written contract between Letcher & Valentine and plaintiffs was introduced in evidence by the latter. By its terms the former "hereby agree to sell" to plaintiffs the stock in question; "the said goods to be invoiced by parties disinterested in the same at the regular wholesale prices for which such goods can be bought today. If said stock invoices $2,500 to $2,800, said O. T. Letcher is to receive $1,000 in cash; and up to $3,500 the amount of cash to be paid shall be $1,200. Said Merriam & Kneale is to deliver a contract for deed of lots in Merriam & Kneale's addition to Millbank, Dakota, at $150 each, subject to a mortgage of $50 upon each lot, to make up the difference of amount between cash paid and the amount of invoice of stock. Furthermore it is agreed and understood that the agreements and contracts above specified shall be carried out on or before the 10th day of October, 1888." The instrument bore date October 6th, but there was evidence that it was not signed until the afternoon of October 8th. In the evening of that day (Monday) the inventory was begun, and was finished in the evening of the next day, the store being kept closed for that purpose. When it was closed on Monday night, Valentine took the keys. On Tuesday night, plaintiffs took one of the two keys. At the time of signing the contract it was agreed that the $1,000 should be paid by a credit of that amount to the sellers and a charge to the buyers, on the books of a creditor of the former, and this was done. Between 10 and 11 o'clock in the evening of Tuesday, October 9th, the levy was made. One J. H. Shea, a witness for defendant, testified that on the afternoon of Tuesday, at the store, after asking Valentine for payment of a debt, which the latter promised to "fix up" the next day, he asked Valentine: "Is it a fact that you have sold out?" to which Valentine answered "No;" and the admission of this testimony was among the errors assigned. The defendant had a verdict, and plaintiffs appeal from an order refusing a new trial.

*Charles B. Elliott* and *Lane & Johnson*, for appellants.

*Wilson & Van Derlip*, for respondent.

GILFILLAN, C. J. The main question in this case—that is, whether, at the time of defendant's levy, the firm of Letcher & Valentine, the

former owners of the property levied on, had transferred it so as to vest the title in the plaintiffs—was, as the evidence stood, stating it most favorably for the plaintiffs, a question of fact for the jury. The written contract introduced did not pass the title. It was an executory contract, under which plaintiffs' right to have the title pass to them depended on their payment of the consideration as agreed upon in the contract. Of course it was open to the parties to it to make a new contract, changing the conditions upon which the title should pass, or the vendors might waive the performance of those conditions as precedent to the passing of the title. The evidence was not clear that the parties intended any such new contract or that the vendors intended any such waiver. It is putting the case very strongly in plaintiffs' favor to say that it tended to prove such new contract or waiver. All that was said and done subsequent to the executory contract might well be referred to it, and to a performance of it according to its terms.

The testimony as to what was said by Valentine, one of the vendors, when they were taking the inventory, was admissible. It did not appear that at that time there had been any actual, visible change of possession under the contract to sell. The goods were still in the store of the vendors. Valentine and their employes, with a son of one of the plaintiffs and an appraiser acting for the vendors and vendees, were handling the goods for the purpose of taking the inventory. The case comes within the rule admitting the declarations of a vendor of goods while remaining in possession and characterizing his possession. They are admitted as part of the *res gestæ,* as part of the act of possession, and may be admitted to show in what character the party is in possession, that his continued possession is as owner, and to disprove an alleged sale depending on change of possession; to impeach a merely colorable or constructive change of possession.

Being regarded as part of the *res gestæ* their admissibility is not confined to cases where fraud in a transfer is alleged, though the question of their admissibility has generally arisen in such cases.

Order affirmed.