PROVOSTY, J., absent on account of illness, takes no part.

---

(64 South. 868.)

No. 20,384.

STATE v. CARROLL et al.

(Feb. 2, 1914. On Rehearing, March 30, 1914.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 730*)—ARGUMENT—ACTION OF COURT—EFFECT.

The statement of the prosecuting officer to the jury, on a trial for murder, that they had the legal right to disregard the testimony of all the state witnesses, and decide the case upon the testimony of the accused alone (or entirely upon the testimony of the accused parties themselves), but that they had no more moral right so to do than he had to draw a pistol from his pocket and kill one of the jurors, injects rather more of personality into the closing address than is desirable, but does not disclose reversible error; the more particularly as the trial judge warned the jury that they were not to be guided by the argument of counsel.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693; Dec. Dig. § 730.*]

2. CRIMINAL LAW (§ 758*)—TRIAL—CREDIBILITY OF WITNESSES—INSTRUCTIONS—GROUND FOR REVERSAL.

Under the law of this state, it is the province of the jury to weigh the evidence, and to attribute to the testimony of the several witnesses the credit to which they may think it entitled. On the other hand, the presiding judge is required by law, in charging the jury in a criminal case, to "limit himself to giving them a knowledge of the law applicable to the case." Hence, in a prosecution for murder, it is reversible error for the judge to instruct the jury that, "in weighing their evidence [referring to the testimony given by the accused themselves], you may take into consideration the interest which they have in the result of the trial."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1786–1789; Dec. Dig. § 758.*]

Appeal from Sixteenth Judicial District Court, Parish of Evangeline; B. H. Pavy, Judge.

Charles Carroll and Avie Fontenot were convicted of manslaughter, and Fontenot alone appeals. Reversed and remanded.

E. B. Dubuisson, of Opelousas, for appellant. R. G. Pleasant, Atty. Gen., R. Lee Garland, Dist. Atty., of Opelousas (G. A. Gondran, of New Orleans, of counsel), for the State.

MONROE, J. Charles Carroll and Avie Fontenot were prosecuted for murder, convicted of manslaughter, and duly sentenced. Fontenot alone has appealed. The transcript discloses two bills of exception, from which it appears:

(1) That both defendants took the stand, and that Fontenot "established, by a number of witnesses, a most excellent character for

truth and veracity, as well as for peace and quiet"; that there was some conflict between the testimony of the state's witnesses and that of the defendants'; that the district attorney, in making his closing argument, attacked the testimony of the defendants, on the ground that they were vitally interested in the result, and stated to the jury that, while they had the legal right to disregard the testimony of all the witnesses for the state, and decide the case "upon the testimony of the accused alone [or entirely upon the testimony of the accused parties themselves], they had no more moral right so to do than he had to draw a ·pistol from his pocket and kill one of the jurors." To which statement, counsel for defendants objected, without stating his grounds. The court thereupon instructed the jury:

"That they were not to decide the case on the argument of counsel, either for the state or the defense, but on the law and the evidence; that the arguments made by counsel for the state and the defense were intended simply to assist them in reaching a correct conclusion."

(2) That the judge, in charging the jury, said:

"The court instructs you that, in weighing their [defendants'] testimony, you may take into consideration the interest which they have in the result of the trial."

To which, it was objected that it was a comment on the facts; that it "singled out the defendants for animadversion upon their testimony," and that, too, on grounds arising ex necessitate rei, and not from testimony adduced to show that they were unworthy of belief; that it was contrary to the spirit and intent of article 179 of the Constitution and section 991 of the Revised Statutes, prohibiting the trial judge from commenting on. the facts, and of Act No. 41 of 1904, making defendants in criminal cases competent witnesses.

[1] The first bill indicates that the district attorney put rather more of his personality in his remarks than is altogether desirable (Bishop's New Crim. Proc. § 975a, par. 1), but we do not find that it shows reversible error; the more particularly as the trial judge warned the jury that they were not to be guided by the argument of the counsel.

[2] The second bill presents a more serious question.

The jury, in criminal cases, are the judges of the law and the facts, on the question of guilt or innocence—

"having been charged as to the law applicable to the case by the presiding judge." Const. art. 179.

"In charging the jury in criminal cases, the *judge must limit himself* to giving them a knowledge of the law applicable to the case. In doing so, he shall abstain from stating or recapitulating the evidence so as to influence their decision on the facts. He shall not state or repeat to the jury the testimony of any witness; nor shall he give any opinion as to what facts have been proved or disproved." R. S. 991. (Italics by the court.)

We take it that, under the law thus referred to, constitutional and statutory, it is the province of the jury, in criminal prosecutions, to weigh the evidence, and to attribute to the testimony of the several witnesses the weight to which they may think it entitled, taking into consideration the appearance, character, and manner of the witnesses, and their probable, or known interest in the result. There can be no doubt that they may take into consideration the fact that the witness is the accused himself, who is on trial for his life, and who, therefore, may be regarded as a witness likely to be strongly .interested, from the most powerful of personal motives, on the side of the defense; and save, perhaps, in the matter of accomplices, called as witnesses, we find no warrant in the law which authorizes the judge to instruct the jury as to their duty in the premises, and still less do we find that he is authorized to select the defendant, who chooses to take the stand in his own behalf in such a prosecution, and intimate to the jury that he, because of his in-

terest, is less likely to testify truthfully than a state witness.

The law subjects him to no such disadvantage. It declares:

"That the circumstances of the witness being a party accused, or being jointly tried, shall in no wise disqualify him from testifying; that no one shall be compelled to give evidence against himself; and provided that if the person accused avails himself of this privilege, he shall be subject to all the rules that apply to other witnesses, and may be cross-examined as to all matters concerning which he gives his testimony; and provided further that his failure to testify shall not be construed for or against him, but all testimony shall be weighed and considered according to the general rules of evidence, and the trial judge shall so charge the jury." Act 41 of 1904. p. 77.

The judges of the federal courts are allowed more latitude with respect to the matters under consideration than those of our state, and yet we find that the Supreme Court of the United States has expressed itself as follows concerning a charge to much the same effect as that here complained of, to wit:

"It is not unusual to warn juries that they should be careful in giving effect to the testimony of accomplices, and perhaps a judge cannot be considered as going out of his province in giving a similar caution as to the testimony of the accused person. Still it must be remembered that men may testify truthfully, although their lives hang in the balance, and that the law, in its wisdom, has provided that the accused shall have the right to testify in his own behalf. Such a privilege would be a vain one if the judge, to whose lightest word the jury, properly enough, give a great weight, should intimate that the dreadful condition in which the accused finds himself should deprive his testimony of probability. The wise and humane provision of the law is that 'the person charged shall, at his own request, but not otherwise, be a competent witness.' The policy of this enactment should not be defeated by hostile comments of the trial judge, whose duty it is to give reasonable effect and force to the law." Hicks v. U. S., 150 U. S. 451, 452, 14 Sup. Ct. 147, 37 L. Ed. 1141.

In the case of State v. Bartlett, 50 Or. 440, 93 Pac. 243, 19 L. R. A. (N. S.) 802, 126 Am. St. Rep. 751, it was held that (quoting the syllabus):

"An instruction to the jury in a criminal case in which accused has testified in his own behalf: You are not bound to consider the testimony of the defendant as absolutely true; * * * you are to bear in mind that he speaks in his own behalf, to discharge himself from a criminal accusation; and you are to consider the great temptation which one so situated is under so to speak as to procure an acquittal—is calculated to leave with the jury the impression that they are to consider defendant's testimony false, and therefore reject it, and is erroneous, notwithstanding the statute provides that the credit to be given the testimony of the accused is to be left to the jury, under the instruction of the court."

In our state the law contemplates that the credit to be given to the testimony of any witness in a case on trial, civil or criminal, is to be left to the jury, and the qualification, "under the instructions of the court," is omitted. The case thus cited is ably annotated, and we quote as follows from the passage with which the introductory note begins, to wit:

"The right to determine the credibility of witnesses testifying in an action has been immemorially within the province of the jury. This right includes the parties to the cause, as well as the witnesses generally, and exists in both civil and criminal cases. A charge to the jury is perfectly unexceptionable only when the judge confines himself to the duty of setting forth the law applicable to the case, without either expressing or intimating any opinion as to the credibility of statements made by the party accused or by the witnesses."

It will be seen that the language thus used is much to the same effect as that contained in our constitutional and statutory law. It appears, however, from the cases cited by the author of the note, that although, in jurisdictions where, as here, the common law has been modified by statute, the view thus expressed finds support, those courts which are still governed by the rules of the common law allow themselves much greater latitude in commenting on the weight of the testimony; but, as they interpret rules which differ from those with which we are dealing, their decisions have no application here.

It is therefore ordered that the verdict and judgment as appealed from be set aside, and

that this case be remanded to be further proceeded with according to law.

PROVOSTY, J., absent on account of illness, takes no part.

### On Rehearing.

MONROE, J. The court finds no sufficient reason for making any change in the opinion or decree as heretofore handed down, and the same are therefore reinstated, and the judgment made the final judgment in the case.

PROVOSTY, J., concurs in the decree for reasons assigned in case of State v. Theo. King (No. 20,422) 64 South. 1012, this day handed down. LAND, J., dissents.