MONROE, J.
Defendant, having been prosecuted for murder and convicted “without capital punishment,” prosecutes this appeal, and presents his case upon the following bill of exception, to wit:
“Be it remembered that, on the trial of this ease, the accused having taken the witness stand and testified that he had no trouble with the deceased, and that he was drunk and just fired his pistol and killed the deceased, and all of the evidence having borne out this statement, the trial judge, in his charge to the jury, charged them that an accused was a competent witness in his own behalf, but that the jury should take into consideration the interest the accused, as well as the other witnesses, had in the case. *120 To which ruling counsel for defendant excepts, for the reason that * * * the court did usurp the authority of the jury by commenting on the evidence of the accused.”
[1, 2] The common law rule, under which the trial judge, in charging the jury in a criminal case, is permitted to comment upon the facts and upon the weight of the testimony, has been abrogated in this state by the following constitutional and statutory enactments, viz.:
“The jury in all criminal cases shall be thp judges of the law and of the facts on the question of the guilt or innocence [of the accused], having been charged as to the law applicable to the case by the presiding judge.” Const. art. 179.
“In charging the jury in criminal cases, the judge must limit himself to giving them a knowledge of the law applicable to the case. In doing so, he shall abstain from stating or recajntulating the evidence so as to influence their decision on the facts. He shall not state or repeat to the jury the testimony of any witness; nor shall he give any opinion as to what facts have been proved or disproved.” R. S. § 991.
“The circumstances of the witness being a party accused, or being jointly tried, shall in no wise disqualify him from testifying; that no one shall be compelled to give evidence against himself; and provided that if the person accused avails himself of this 'privilege, he shall be subject to all the rules that apply to other witnesses, and may be cross-examined as to all matters concerning which he gives his testimony; and provided further that his failure to testify shall not be construed for or against him, but all testimony shall be weighed and considered according to the general rules of evidence, and the trial judge shall so charge the jury.” Act No. 41 of 1904, § 2.
In those jurisdictions where the common-law rule above referred to has neither been abrogated nor modified, the jurisprudence sustains the proposition, that the trial judge, in a criminal case, may instruct the jury in the language of the charge here complained of; but where, as in this instance, the common-law rule has been superseded, by a rule founded in constitutional and statutory enactments, it would appear that there should be, and for the most part there has been, a corresponding change in the jurisprudence.
In the exhaustive annotation of the case of State v. Bartlett, 50 Or. 440, 93 Pac. 243, 19 L. R. A. (N. S.) 802, 126 Am. St. Rep. 751, the “Introductory” opens as follows, to wit:
“The right to determine the credibility of witnesses testifying in an action has been immemorially within the province of the jury. This right includes the parties to the cause as well as the witnesses generally. * * * A charge to the jury is perfectly unexceptionable only when the judge confines himself to the duty of setting forth the law applicable to the case, without either expressing or intimating any opinion as-to the credibility of statements made by the party accused or by the witnesses. The court should not instruct the jury to give full credit to the testimony of the accused, nor generally as to the credence or weight to be given to his testimony. But the court may, in the absence of a statute forbidding it, direct the jury as to matters which they may consider in .determining the credibility of the accused, such as his good character, the reasonableness or unreasonableness of his account of the transaction, the probability or consistency of his testimony, and his intelligence or want of intelligence. Nor does the rule against singling out a particular witness and charging the jury as to his credibility preclude the court from referring in an appropriate way to the weight to be given to the testimony of the accused. * * * The jury may properly be authorized to consider the interest the accused has in the result of their verdict, as affecting his credibility, but the court should refrain from suggesting the degree of weight to be given to that fact. While the court may suggest to the jury that the interest of the accused may color his testimony, yet the charge should not be of such a nature as to disparage his evidence. The jury should not be told that the prisoner’s interest tends to discredit his testimony. nor should the court place such stress upon the fact of his interest as would discredit his evidence in advance. It is improper toeharge the jury to scrutinize the evidence of the accused with great caution; and a charge that the jury may disregard the testimony of the accused on account of his interest is prejudicial, but an instruction that the jury are not required blindly to receive the testimony of the accused as true is not regarded as prejudicial, especially when coupled with a further statement that they are not to disregard his testimony, but must give it due consideration. It is generally proper to instruct the jury to treat the testimony of the accused the same as that of other witnesses, bearing in mind, however, his interest in the result, since he does not stand in the position of a disinterested witness. Instructions referring to the interest of the accused usually have been upheld against an objection that his testimony is thereby prejudicially singled out, although sometimes considered ill-advised, and in one jurisdiction declared to be invasive of the province of the jury. A general instruction upon the fact of interest, applicable to all witnesses obviously is unobjectionable.”
*122 The various propositions, as thus stated, are amply sustained by the jurisprudence predicated upon the common law, but it is obvious that they have no application in cases to which the common law does not apply, and particularly to those to which the application of the common-law rule upon the particular question at issue is prohibited, for, it will be observed that the author of the annotation, in the beginning of his statement of what the court may do says: “But the court may, in the absence of a statute prohibiting it, direct,” etc. It is equally obvious, as it appears to us, that the propositions stated are inconsistent with each other and with the main proposition that “the right to determine the credibility of witnesses testifying in an action has been immemorially within the province of the jury,” for the only conceivable purpose and effect of a charge calling the attention of the jury to the interest of a defendant, testifying in his own behalf, is to discredit his testimony; and, if the right to determine the credibility of witnesses is within the province of the jury, such a charge is an invasion of that province, and the finding of the jury, being thus influenced or controlled by the judge, can no longer be regarded as their finding. We have here, however, no concern with the varied interpretations of the common-law rule upon the subject, since the case now under consideration falls under the dominion of the constitutional and statutory enactments of this state, which prohibit the application of that rule. Whether a particular witness has a greater or less interest than another in the outcome of any given criminal prosecution is a question of fact, the determination of which, and the application of the fact, when ascertained, to the determination of the question of the credibility of the witness, are confided, with all other questions of fact, exclusively to the jury. The law declares that the judge “must limit himself’ to giving the jury a knowledge of the law; that in so doing, he “shall abstain from stating or recapitulating the evidence so as to influence their decision on the facts”; that “he shall not state or repeat to the jury the testimony of any witness, nor shall he give any opinion as to what facts have been proved or disproved,” and those provisions of the Revised Statutes are applied with emphasis, in the act of 1904, to the case of a defendant in a criminal prosecution, testifying in his own behalf, by the declaration that:
“His [the defendant’s] failure to testify shall not be construed for or against him, but all testimony shall be weighed and considered according- to the general rules of evidence, and the trial judge shall so charge the jury.”
If, then, the judge is required to abstain, and is prohibited, from recapitulating the evidence, or stating the testimony, or giving any opinion, lest he influence the jury in its finding of a particular fact, a fortiori is he required to abstain, and is he prohibited, from assuming such fact, and upon the basis of that assumption, instructing the jury of the particular effect which should be attributed to it. It has sometimes been said that an intelligent jury will know, without being reminded by the judge, that the defendant in a criminal case, who testifies in his own behalf, is an interested witness, and hence that an instruction to that effect is harmless, even though he be particularly designated. But a jury, whether intelligent or otherwise, may, in a particular case, be impressed with the idea that the prosecuting witness is the real criminal, and is interested in convicting the defendant in order to save himself, or, that other state witnesses are sufficiently interested, for other reasons, to induce them to commit perjury, and if, in either case, the judge, being differently impressed, should instruct the jury to consider the interest of the defendant in determining the question of his credibility, and should sav nothing of the interest or credibility of the *124 other witnesses, he would thereby in all probability influence the jury in the finding of the ultimate and controlling facts of the case. Again, the interest of the defendant in such case being obvious, whilst the possible interest of the adverse witnesses is usually not, so, it would seem that if, under our law, the judge were authorized to interfere at all, his aid would be more useful were he to call the attention of the jury to the possible interest of the latter than to the obvious interest of the former. His action in that respect could, however, have no other purpose or effect than to influence the finding of the jury upon a question of fact; and, if it would be incompetent for him to lead the jury to a finding, or to an application, of the fact of the interest of an adverse witness, it would be equally incompetent for him, by assuming the obvious fact of the defendant’s interest, to lead the jury to the application of that fact to the question of defendant’s credibility, and would be all the worse because to call attention to that which is obvious attributes to it a degree of importance which it might not otherwise possess.
In the case of State v. Bartlett, supra, it appeared that an early statute of the state of Oregon precluded a defendant in a criminal action from testifying therein; that, in 1865 (Laws [Sp. Sess.] 1865, p. 37) a statute was enacted, which afterwards became section 139 of Bellinger & C. Ann. Codes and Statutes, and which declares that:
“In charging the jury, the court shall state to them all matters of law which it thinks necessary for their information in giving their verdict, but it shall not present the facts of the case, but shall inform the jury that they are the exclusive judges of all questions of fact.”
In 1880 (Laws 1880, p. 28) the early statute, above mentioned, was amended so as to read, in part:
“In the trial of or examination upon all indictments, complaints, information and other proceedings before any court, * * * against persons accused or charged with the commission of crimes or offenses, the person so charged or accused shall at his own request, but not otherwise, be deemed a competent witness, the credit to be given to his testimony being left solely to the jury, under the instructions of the court.”
Referring to the act of 1865 (section 139 of the Codes and Statutes) the Supreme Court said:
“This section practically prohibits the giving o'f an instruction as to the weight of the evidence ; for, if a court cannot present the facts of a case, it is necessarily precluded from charging the jury in respect to any particular conclusion which might be deduced from a consideration of the testimony.”
Construing the section in question with the act of 1880 (which became section 1400 of the Codes and Statutes), the court said that the one seemed to have been, in effect, amended by the other, so as to permit a trial judge to call the attention of the jury to the credibility of a defendant in a criminal action, when he appeared as a witness in his own behalf. It was nevertheless held by the court, in the cited case, that it was reversible error for the trial judge to charge the jury:
“You are not bound to consider the testimony of defendant as absolutely true; * * * you are to bear in mind that he speaks in his own behalf, to discharge himself from a criminal accusation, and you are to consider the great temptation which one so situated is under so to speak as to procure an acquittal.”
In the course of the opinion, the court referred to an instruction which was the subject of consideration in Johnson v. United States, 157 U. S. 320, 15 Sup. Ct. 614, 39 L. Ed. 717, and said:
“This instruction was approved by the Supreme Court of the United States; but, as the cause was originally tried in a federal court, where the rules of the common law prevail, thereby permitting the judge to comment upon the weight of the testimony, no other deduction could well have been made (citing Carver v. Jackson, 4 Pet. 1, 79 [7 L. Ed. 761]; Maginac v. Thompson, 7 Pet. 348 [8 L. Ed. 709]). The conclusion there reached, however, is not controlling in the case at bar, in consequence of our statute prohibiting such method of charging the jury. In Territory v. Romine, 2 N. M. *126 114, a similar charge was upheld, on the assumption that such an instruction was permissible under the rules of the common law which, at the time of the trial, had not been changed, but subsequent thereto, and prior to the hearing * * * in the Supreme Court, a statute had been adopted by the Legislative Assembly of New Mexico, which precluded a court from commenting upon the weight of the evidence. In that case it is intimated that, after the passage of the statute, the giving of such an instruction would have been erroneous.”
In the instant case, the law of Louisiana, as hereinbefore quoted, was in existence when the defendant was tried, and it contains no qualifying language from which it can be deduced that the jury in a criminal case is to receive any instructions whatever from the judge concerning the credibility of a defendant who may choose to take the stand as a witness in his own behalf, or concerning the credibility of any other particular witness.
In California it appears that the common-law rule upon the matter under consideration had been sustained by a long-established jurisprudence; but, in People v. Van Ewan, 111 Cal. 144, 43 Pac. 520, the Supreme Court of that state said:
“If the question were entirely an open one we would feel constrained to bold, upon principle, that any instruction at all as to the credibility of any witness, or the weight to be given to his testimony, is violative of * * * article 6 of the Constitution, which provides that ‘judges shall not charge jurors with respect to matters of fact,’ and of section 1847 of the Code of Civil Procedure, which, referring to a witness, provides that ‘the jury are the exclusive judges of his credibility.’ ”
In People v. Boren, 139 Cal. 215, 72 Pac. 899, the same court said that it was difficult, logically, to attribute the giving of any instruction whatever on the subject of defendant’s testimony, to anything else than a purpose to disparage the witness before the jury, the very thing that the court has no authority to do, in view of the constitutional provision on that subject, and that justice would be more thoroughly accomplished if no such instruction were given, and the credibility of the defendant were left entirely to the jury.
In Mississippi and Texas, where, as we take it, the common-law rule in question has also been abrogated or modified, it is held that a trial court has no right to instruct a jury that they may take into consideration the interest of the defendant, in determining his credibility as a witness; that such instruction bears directly upon the weight of the evidence and constitutes reversible error. Woods v. State, 67 Miss. 575, 7 South. 495; Harrell v. State, 37 Tex. Cr. R. 612, 40 S. W. 799; Williams v. State (Tex. Cr. App.) 40 S. W. 801; Penny v. State (Tex. Cr. App.) 42 S. W. 297; Oliver v. State (Tex. Cr. App.) 42 S. W. 554; Shields v. State, 39 Tex. Cr. R. 13, 44 S. W. 844. The Mississippi court has most particularly held that it is error to single out, or designate, the defendant, as a witness in the case whose interest is to be considered. In Smith v. State, 90 Miss. 111, 43 South. 465, 122 Am. St. Rep. 313, it was said:
“The defendant was the only witness to the fact in his own behalf, and the charge would have been no stronger if it had called his name and cautioned the jury, in its own language, to ‘take into consideration the interest such witness may have in the result of the trial.’ His testimony should not be so hampered by such express reference.”
See, also, Townsend v. State (Miss.) 12 South. 209, where it was held that, though the defendant was not the only witness who testified in his behalf, he was the only one who was interested in the verdict, in any proper sense, and hence that an instruction as to the interest of a witness unmistakably marked him for discredit.
In the instant case, the record does not enable us to say whether the defendant was the only witness who testified upon his side or not, and, whilst we think it quite likely that he may have been the only witness who had a real interest in the trial, we pretermit that view of the matter, and are nevertheless of the opinion that, in charging the jury “that an accused was a competent witness in his own behalf, but that the jury *128 should take into consideration the interest the accused, as well as the other witnesses, had in the case,” the court invaded the province of the jury, and marked the accused for discredit, just as he would have marked any other witness for discredit hy the mention of his name, even though he had added, “as well as other witnesses.”
That in general the testimony of a witness may be affected, consciously or unconsciously] by an interest that he may have in the result of a trial may no doubt be accepted as true, but it is not true, and cannot be stated to a jury as a general rule of evidence to be applied in all cases, that the credibility of a witness is to be measured by his interest, meaning, by the manner or extent to which such result may.affect him in his person or property. In Lee v. State, 74 Wis. 45, 45 N. W. 960, it was held that:
“After telling the jury * ¡* * that the interest of the defendant in the result of the prosecution .should be considered by them in determining the credibility of his testimony [a further instruction that], ‘when the witnesses appear to be equally capable in every other respect, the one who appears to have the greater interest in the result of the case is to have the less weight of the two,’ ” invades the province of the jury.
It appears to us, however, that to tell the jury that “the- interest of the defendant in the result of the prosecution should be considered by them in determining the credibility of his testimony,” was, of itself, to tell them that the testimony of the defendant should be considered as of less weight than that of the witnesses concerning whom no such warning was given, or, as open to a suspicion to which the testimony of the others was not to be subjected. In Schutz v. State, 125 Wis. 452, 104 N. W. 90, it was held (quoting from note to State v. Bartlett, 19 L. R. A. [N. S.] page 817):
“An instruction that a wise rule, which juries may adopt for their guidance when there is a conflict of testimony between the witnesses, is to give credence to the testimony of that witness or those witnesses who have the least inducement, through interest or other motives, to testify falsely, invades the province of the jury, and constitutes reversible error.”
The ruling, as thus stated, though probably based upon law differing from that which should govern in this case, appears to us to be entirely applicable to the question under consideration. We take it to be conceded that, under the common law (which regulates criminal procedure in Louisiana, as in the other states, save where repealed or modified):
“The right to determine the credibility of witnesses, testifying in an action, has been immemorially within the province of the jury/’
It can hardly be denied that the question of the interest, vel non, of a witness, testifying in an action, is one of fact. Nor can it be denied that, under our law, constitutional and statutory, the judge, presiding in a criminal prosecution, is commanded and required, in-the most imperative language, to charge the jury upon the law of the case, to limit himself to that, and to abstain from stating the facts, or from even recapitulating the evidence hy which the facts are established, so as to influence the finding of the jury with respect thereto. When, therefore, the judge designates a particular witness, whether it be the defendant or another, and instructs the jury that they should consider his interest in the case in determining his credibility, he instructs them to make use of a fact with which he is prohibited from dealing, in order to determine a question which, of itself, is entirely within their province.
We have dealt with the question presented at some length, not so much because of any absolute necessity for so doing in the case at bar, but rather by way of supplement to the opinion in the matter of State v. Carroll, 64 South. 868, recently decided, and because, finding it necessary to overrule the decision, heretofore rendered, in State v. Wiggins, 50 La. Ann. 330, 23 South. 334, in which the main provision of our law, applicable to the *130 question in hand escaped attention, we have deemed it advisable to give our reasons more fully.
[3] In the case at bar, the defendant appears to have sustained no injury, and is entitled to no relief.
According to the bill of exception, upon 'which he relies, it appears that he “testified that he had no trouble with the deceased, and that he was drunk, and just fired his pistol and killed the deceased”; and it further appears that all the other evidence bore out that statement. It is plain, therefore, that, in convicting hird of murder without capital punishment, the jury must have accepted defendant’s testimony and have given it the most favorable effect to which it was entitled, and hence that his credibility was not affected by the instruction of which he complains.
Judgment affirmed.
LAND, J., concurs in the decree.
See concurring opinion of PROVO STY, J., 64 South. 1012.