MONROE, C. J.
Defendant, having been prosecuted for murder, convicted of manslaughter, and duly sentenced, has appealed, and presents his case upon two bills of exception to the refusal of the court to grant a continuance, and a third bill, which was reserved to the judge’s charge to the jury.
[1] In view of the conclusion reached by us as to the merits of the'bill last mentioned, we find it unnecessary to consider the others. That portion of the charge which was objected to reads as follows:
“The circumstance of a witness being a party accused does not in any way disqualify him from testifying. If the person accused avails himself of the privilege of testifying in his behalf, he is subject to all the rules that apply to other witnesses, and to the same tests as other witnesses. One of the general rules of evidence is that the motive or bias of a witness, his interest in the outcome of the trial, may affect, more or less, his evidence for credibility, and the jury are the judges as to the effect and value, the weight and sufficiency of the evidence addressed to them. I therefore charge you that, while Act 29 of 1886 of this state permits parties accused of crime to testify in their own behalf, still the jurors are the judges of the creditableness and weight of such testimony; and, in determining such weight and creditableness, the fact that such witness is interested in the outcome of the cause may be taken into account by the jury; and you may give his testimony such weight as you may think it justly entitled to under all the circumstances of the case and in view of the interest of such witness.”
*430 [2] In the ease of State v. Carroll, 64 South. 868, 134 La. 965, this court took occasion to say:
“Under the law of this state, it is the province of the jury to weigh the evidence, and attribute to the testimony of the several witnesses the credit to which they may think it entitled. On the other hand, the presiding judge is required by law, in charging the jury in a criminal case, to “limit himself to giving them a knowledge of the law applicable to the case.’ Hence, in a prosecution for murder, it is reversible error for the judge to instruct the jury that, ‘in weighing their evidence [referring to testimony given by accused themselves], you may take into consideration the interest which they have in the result of the trial.’ ”
In the still later case of State v. Theo King, 64 South. 1007, ante, p. 117, it was said:
“At common law, which regulates criminal procedure in Louisiana, save where abrogated or modified, the right to determine the credibility of witnesses, testifying in a criminal prosecution, is within the province of the jury. Under the law of this state, the trial judge, in such case, is required to limit his instructions to the jury to matters of law, and is prohibited from trenching upon the facts or from expressing any opinion thereon. When, therefore, he designates a particular witness, whether it be the defendant or another, and instructs the jury that they should. consider his interest in the case in determining his credibility, -he instructs them to make use of a fact with which he is prohibited from dealing, in order to determine a question which of itself is entirely within the province of the jury; and there is error in the charge.”
The text of the law of this state, constitutional and statutory, by which the question at issue should be governed is reproduced in the opinion thus quoted.
There seems to be an impression in some minds that an instruction to a jury that the credibility of a.witness, in any given case, is dependant upon, and to be determined by, his interest is an instruction upon the law of the' case, but there is no such law. That men are likely to be influenced in their statements and conduct by their interest is merely-a deduction, founded in human experience, which a jury is as capable of drawing as the judge who assumes to instruct them; and it is the peculiar province of the jury, and not of the judge,, to draw that deduction in the particular case to be decided. The interest of the litigant, whether in a civil or a criminal case, is patent upon the face of the record, and, even if it were permissible, under our law, for the judge to comment upon it, such comment would seem to be unnecessary. Moreover, the undisclosed interest of a mere witness, in any given ease, may be greater than that of the litigant, testifying in his own behalf, and the jury, uninfluenced by the charge of the judge, calling attention only to the obvious interest of the litigant, might reach that conclusion. Again, there are those who will testify to the truth, no matter how great their interest may be, and there are others who will testify falsely, though their interest be of the smallest; but the charge that the jury, in determining the credibility of any and every witness by his interest, because it is made apparent in the fact that he is a party to the suit, or a defendant in the prosecution, is wholly undiseriminating, and takes no account of the knowledge, also founded in human experience, that all men are not influenced, alike or by the same considerations.
In the case of Allison v. United States, 160 U. S. 210, 16 Sup. Ct. 255, 40 L. Ed. 398, it appears that the trial judge, referring to the defendant, who was prosecuted for murder, gave the following, with other, instructions to the jury to wit:
“The defendant has gone upon the stand, and he has made his statement. See if it is in harmony with the statements of witnesses you find, to be reliable. If they are not, they stand before you as contradicted. If they are, they stand before you as strengthened as you may attach credit to the corroborating facts. In passing upon his evidence, you are necessarily to consider his interest * * * in this trial— in the result of this case. He is related to the case more intimately than anybody else, and you are to apply the principle of the law that is laid down everywhere in all civilized countries, commanding you to look at a man’s statements in the light of the interest that he has in the case. There is no odor of sanctity thrown around the statements of the defendant as a witness, as is sometimes supposed, because he is charged with crime. You are to view his *432 statements in the light-of their consistency, their reasonableness, and their probability, the same as the statements of any other witness, and you are to look at them in the light of the interest he has in the result of the case.”
Commenting upon the foregoing, Chief Justice Fuller, as the organ of the court, said:
“If this could be, in any aspect, treated as a modification of the previous assertions of the court, it was too far separated from that connection to permit us to attribute that operation to it, and, moreover, it was in itself erroneous. As a witness, a defendant is no more to be visited with condemnation than he is to be clothed with sanctity, simply because he is under accusation, and there is no presumption of law in favor of or against his truthfulness.”
Earlier in the opinion, the learned Chief Justice had given an excerpt from the opinion in Hicks v. United States, 150 U. S. 442, 452, 14 Sup. Ct. 144, 147, 37 L. Ed. 1137, 1141, from which we take the following:
“Such a privilege [that accorded the accused of testifying in his own behalf] would be a vain one if the judge, to whose lightest word the jury, properly enough, give a great weight, should intimate that the dreadful condition in which the accused finds himself should deprive his testimony of probability.” .
The opinion in Com. v. Wright, 107 Mass. 403, is referred to, as holding that there is no presumption either way as to the truthfulness of a defendant’s testimony in a criminal case; and the following is quoted from the opinion in Chambers v. People, 105 Ill. 409, to wit:
“It cannot '* * * be true that the evidence given by the defendant, charged with crime, is not treated the same as the evidence of other witnesses. It could not even be true, as a universal proposition, -that, as a matter of law, it is not to have the same effect as the evidence of other witnesses. Many times it certainly cannot have that effect, but there are times when it can and should, and of this the jury are made the judges.”
Other cases cited as being to the sanie effect as the foregoing are Greer v. State, 53 Ind. 420; Veatch v. State, 56 Ind. 584, 26 Am. Rep. 44; Buckley v. State, 62 Miss. 705; State v. Johnson, 16 Nev. 36. See, also, People v. Harrison, 261 Ill. 517, 104 N. E. 259; People v. Seidenshner, 210 N. Y. 341, 104 N. E. 420. And still other authority is to be found in Wharton’s Cr. Ev. (10th Ed., 1912) & 428, where it is said:
“The fact that he is charged with crime does not, of itself, impair his credit, as otherwise his guilt would be assumed befofe it was proved.”
The verdict and sentence are therefore set aside, and the case is remanded to be further proceeded with according to law.
O’NIELL, J., dissents.