SOMMERVILLE, J.
Elbert Hataway was charged with the crime of arson, and was convicted as charged, without capital punishment. Several bills of exceptions were reserved, which may be disposed of together.
It appears that the 12 peremptory challenges allowed defendant by law were exhausted before the jury was completed. After the completion of the jury, the indictment was read, and one witness had been sworn, and had given his testimony in part. While the testimony was being given, one of the jurors became suddenly ill, and, over the objection of defendant’s counsel, was discharged from the panel by the court.
Defendant then, through his counsel, requested the court to restore to him the challenges accorded to him by law and to tender the remaining 11 jurors for acceptance or rejection, which request was refused by the court. At the same time, counsel for defendant requested that the remaining 11 jurors be discharged, or that he be permitted to peremptorily challenge them, and that the trial begin anew, as in the case of a mistrial, and that request was overruled.
The court ordered that a new juror be called and examined; and counsel for defendant objected, and again urged that the challenges to which he was entitled by law had not been restored to him, and the remaining 11 jurors tendered on their voir dire for acceptance or rejection, and he urged before another juror should be examined that these challenges should be restored and the remaining jurors tendered for acceptance or rejection, which objection was overruled. A bill of exceptions was reserved to the ruling.
[1] If a juror becomes incompetent after the trial has been begun by the reading of the indictment, before any other proceeding is had after the discharge of the incompetent juror, the remaining 11 jurors should be tendered to the defendant for acceptance or rejection, and his challenges as to them should be restored to him.
*141 The point was fully discussed and the authorities reviewed in the case of State v. Carmouche, 141 La. 325, 75 South. 68. In '■hat ease it was said:
“If an incompetent juror who has been impaneled and sworn be discharged from the panel before the trial is commenced by the reading of the indictment to the jury, the defendant is not entitled to have his peremptory challenges restored to him, or to have the remaining eleven jurors retendered on their voir dire for acceptance or rejection, even though the defendant had exhausted his peremptory challenges when the disqualified juror was discharged. But, if a juror be removed from the panel ■ for any cause, against the protest of the defendant, after the trial has commenced by the reading of the indictment to the jury, the discharging of the disqualified juror and the drawing of another juror in his stead is, in effect, the entering of a mistrial and the beginning of a new trial; and the defendant is then entitled to have his peremptory challenges restored to him and to have the remaining eleven jurors retendered on their voir dire for acceptance or rejection, especially if the defendant’s peremptory challenges were exhausted in the original drawing of the jury.”
The refusal of the court is a reversible error.
[2] Another bill was reserved to the hearing of two witnesses for the state in chief, who were tendered to corroborate the testimony of a preceding state witness, whose testimony had not been attached by the defendant, and where no foundation had been laid to impeach the witness.
It appears that the first witness had testified to a statement made to him by defendant; and the two other witnesses testified on behalf of the state, before the state had closed its case, that the first witness had repeated defendant’s statement to them, outside of the presence of' defendant. The testimony was hearsay, and the objection to its reception should have been sustained.
In a somewhat similar case (State v. Guillory, 45 La. Ann. 32, 12 South. 314), the court say, with reference to the point under discussion, the reasons given by the trial judge are—
“insufficient to justify this radical departure from the elementary principles, in permitting hearsay testimony as part of the affirmative evidence on the part of the prosecution.”
And Mr. Wharton says, under the head of Hearsay Evidence (10th Ed.) vol. 1, p. 222:
“Nor can this class of testimony ever be received as part of the affirmative evidence" for the prosecution in a criminal case on the ground that it is designed to corroborate the statement of another which has been, or may be, the subject of impeachment.”
[3] Another bill was reserved to the following portion of the charge of the judge to the jury:
“The accused has the right to take the stand in his own behalf and testify, and you are to take.his testimony as any other witness, taking into .consideration the motives and interest, he has in the case, and you are to weigh his testimony as any other witness. * * * ”
The comment of the judge on the testimony of defendant was objectionable, and it is reversible error, for the reasons given at length in the cases of State v. Robinson, 112 La. 939, 36 South. 811; State v. Carroll, 134 La. 965, 64 South. 868; State v. Smith, 135 La. 427, 65 South. 598; State v. Sinigal, 138 La. 469, 70 South. 478; Underhill on Criminal Evidence, § 68, p. 83.
The judgment appealed from is annulled, avoided, and reversed, and the case is remanded to the district court, to be there proceeded with in accordance with law.
O’NIELL, J„ concurs in the decree. .