(83 South. 227)

No. 23529.

STATE v. ELBY.

(Nov. 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ☞785(9)—INSTRUCTIONS; INTEREST OF WITNESS.

In a homicide case, court did ·not err in instructing jury to consider the interest or lack of interest that any witness might have in the outcome of the trial in arriving at weight to be given his testimony.

2. CRIMINAL LAW ☞811(6)—INSTRUCTIONS; CALLING ATTENTION TO DEFENDANT'S INTEREST.

Where court in homicide case instructed jury, concerning weight to be given evidence, to consider the interest or lack of interest that any witness might have in the outcome of the trial, a subsequent instruction to judge the testimony of defendant by the same general rules that govern the testimony of other witnesses did not direct the jurors' attention too pointedly to defendant's interest in the trial, a matter which was apparent to the jury.

3. CRIMINAL LAW ☞561(1), 1134(3) — REVIEW; REASONABLE DOUBT.

That accused is entitled to benefit of any reasonable doubt of his guilt is a principle of law, but the question whether there was or was not a reasonable doubt is a question of fact, of which the Supreme Court has not jurisdiction on appeal.

Appeal from Criminal District Court, Parish of Orleans; James O'Connor, Judge ad hoc.

David Elby was convicted of manslaughter, and appeals. Affirmed.

Ulic J. Burke, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., and Chandler C. Luzenberg, Dist. Atty., A. D. Henriques, Jr., and Wm. J. O'Hara, Asst. Dist. Attys., all of New Orleans, for the State.

O'NIELL, J. The defendant, appellant, was indicted and tried for murder, was convicted of manslaughter, and sentenced to imprisonment in the penitentiary for a term not less than six nor more than eight years.

He reserved a bill of exception to a part of the judge's charge to the jury as follows, viz.:

"You are the exclusive judges of the facts. You find from the evidence what facts have been proven, and what facts have not. For this purpose, you determine the credibility of the witnesses, and the weight to be given to their testimony. You have the right to accept as true or reject as false the testimony of any witness, accordingly as you are impressed with his veracity. You take into account his manner on the stand, the probability or improbability of his statements, the interest or want of interest he may have in the case, and every circumstance surrounding the giving of his testimony which may aid you in weighing his statements. You are also the judges of the law. You are the judges of the law in the same sense that you are the judges of the facts. You receive ·the one from the witnesses; you receive the other from the court. The prisoner is permitted by law to testify in his own behalf. If he exercises this privilege, he is governed by the same rules, in testing his credibility and the correctness of his statements, as every other witness. You have the right to believe or disbelieve him, just as he impresses you as to the truth or falsity of his testimony."

The argument of appellant's counsel is that that part of the judge's charge referring particularly to the competency of the de-

fendant as a witness, taken in connection with that part of the charge instructing the jury to take into consideration the interest or lack of interest of any witness in the case, directed the attention of the jury unfairly to the interest which the defendant, who had testified in the case, had in the result of the trial.

The rulings upon the subject have gone no further than to hold that the trial judge should not, by special reference to the defendant or to any witness in particular, direct the attention of the jury to his interest in the result of the trial, and thereby suggest that his testimony should be discounted by reason of his interest. See State v. Carroll, 134 La. 965, 64 South. 868; State v. Smith, 135 La. 427, 65 South. 598; State v. King, 135 La. 117, 64 South. 1007; State v. Hataway, 144 La. 138, 80 South. 227.

[1, 2] Our opinion is that the judge's reference to the competency of the defendant as a witness, in the instruction given in this case, was not unfavorable or prejudicial to him. The instruction, in substance and effect, was that the testimony of the defendant was not to be disregarded merely because of his being the party on trial, but was to be governed by the same rules by which the testimony of the other witnesses was to be weighed and considered. The instruction to consider the interest or lack of interest that any witness might have in the outcome of the trial was in accord with the law; and the subsequent instruction to judge the testimony of the defendant by the same general rules that governed the testimony of other witnesses did not direct the jurors' attention too pointedly to the defendant's interest in the trial, a matter which was apparent to the jury.

[3] A bill of exception was taken to the overruling of a motion for a new trial, based upon the contention that the evidence in the case, a record of which is annexed to the bill, left a reasonable doubt of the guilt of the accused. That the accused was entitled to the benefit of any reasonable doubt of his guilt is a principle of law; but the question whether there was or was not a reasonable doubt is a question of fact, of which this court has not jurisdiction. See State v. Wood, 136 La. 658, 67 South. 542.

The verdict and sentence appealed from are affirmed.