O’NIELL, C. J.
 

 Appellant was convicted of murder and sentenced to hang. Of the several complaints made in the bills of exception, two are well founded. They have reference to the judge’s instructions to the jury.
 

 The first bill of exception in that regard shows that, the defendant having testified in his own behalf, the judge charged that the jury might consider the interest which the defendant had in the result of the trial. Under the jurisprudence of this court, if the defendant in a criminal prosecution testifies as a witness in his own behalf, the judge must not refer to him in particular and instruct the jury that they may consider the defendant’s interest in the case. State v. Carroll et al., 134 La. 965, 64 So. 868; State v. King, 135 La. 117, 64 So. 1007; State v. Smith, 135 La. 427, 65 So. 598; State v. Poree, 136 La. 939, 68 So. 83.
 

 The record discloses that the defendant was very drunk when he committed the crime. On that subject, the judge charged the jury:
 

 “Drunkenness is not an excuse for crime, but on the contrary an aggravation. If a person, being in possession of his mental faculties, voluntarily gets into a state of drunkenness and during such drunkenness commits a homicide under a diseased mental condition, he cannot set up said diseased mental condition as a defense for his acts.”
 

 Drunkenness, of course, is not an excuse for crime. It is too often the cause of it; but a crime committed by a drunken man is not aggravated by the drunkenness, in the sense of being thereby made a worse crime. The law on the subject was stated thus in State v. Trivas, 32 La. Ann. 1089, 36 Am. Rep. 293, and was quoted literally and with approval in State v. Hogan, 117 La. 863, 42 So. 352, viz.:
 

 “The recognized doctrine is that the state of , intoxication of the accused may be invoked to negative malice or deliberate intent, in the absence of evidence, aliunde, to prove premeditation. The intoxication must be of such a character [as] to create a state of mental confusion, excluding the possibility of a specific intent to take life or positive premeditation. Wharton’s Criminal Law, vol. 1, p. 52.”
 

 It is important to observe, though, that in this state the crime of murder is not divided into murder in the first degree and murder in the second degree, as it is in some states, where the difference between the two crimes is in the presence or absence of a specific intent to take life. In this state the specific intent to kill is not essential in the crime of murder. That ought to be explained to the jury in a case like this.
 

 The verdict and sentence are annulled, and the case is ordered remanded to the district court for a new'trial.