(120 So. 477)

No. 29663.

**STATE v. HARRISON et al.**

Jan. 28, 1929.

Harvey G. Fields, of Farmerville, and T. C. Bergeron, for appellants.

Percy Saint, Atty. Gen., Wm. J. Hammon, Dist. Atty., of Jonesboro, and E. R. Schowalter, Asst. Atty. Gen., for the State.

OVERTON, J. Defendants prosecute this appeal from a sentence, based on a verdict, convicting them of manslaughter; the charge being that they feloniously killed Addison Welch on April 10, 1928.

Defendants' chief bill of exceptions is one to the following charge, given by the court to the jury:

"Under the law the defendant, or accused party, is a competent witness in his own behalf, and has the right to testify if he chooses to do so, or not, as he may deem proper. In the event he does testify you are to weigh and determine the credibility of his testimony the same as you do that of any other witness. It is left entirely with you to determine and

say just what weight and credit you will give to it, taking into account the interest he has in the case and in the outcome, if you deem proper to do so. If, however, the defendant sees fit not to take the witness stand and testify in his own behalf you have no legal right to construe his failure to testify against him and impute guilt to him for that reason."

The defendants testified in the case. They excepted immediately to the charge upon the ground that the trial judge, by so charging, singled them out as witnesses in the case, and instructed the jury that they might consider, in weighing their evidence, the interest they had in the outcome of the trial. After the defendants had so excepted, the judge did not correct the charge so as to make it conform to the views of defendants.

The charge was erroneous. The trial judge is without right to single out any witness who has taken the stand and instruct the jury that they may consider, in weighing his evidence, if they deem proper to do so, the interest that he has in the outcome of the trial. This rule applies to the accused as a witness in his own behalf. State v. Carroll, 134 La. 965, 64 So. 868; State v. King, 135 La. 117, 64 So. 1007; State v. Smith, 135 La. 427, 65 So. 598; State v. Hataway, 144 La. 138, 80 So. 227. The state concedes that the charge was erroneous, but takes the position that it does not appear that the accused were prejudiced by the error, and hence urges that the verdict should not be reversed. In support of its position, the state calls attention to the King Case, supra, where, although the court recognized such a charge as being erroneous, it refused to annul the verdict. In that case, however, the court found, for the reason stated by it, that the charge there did not prejudice the accused. But in the present case there is no greater reason to suppose that the charge did not prejudice the accused than there was in the remaining cases cited above, in each of which the verdict was

reversed. So far as we are able to say, the presumption in the present case is that the charge was prejudicial to the accused.

The record contains two other bills of exception. One of them relates to the refusal of the trial judge to sustain the challenge of a juror for cause, and the other to the overruling of a motion for a new trial; the motion being based upon the ground that the verdict is contrary to the law and the evidence. The latter bill presents nothing that we can review, and, in view of the conclusion reached by us, it is unnecessary that we consider the former.

For the reasons assigned, the verdict and the sentence appealed from are annulled and set aside, and the case is remanded to be proceeded with according to law.